er. A person to whom a newspaper is sent without his knowledge or consent, either expressed or implied, is not a subscriber within the meaning of the statute. Ashton v. Stoy, 96 Iowa, 197, 64 N. W. 804, 30 L. R. A. 584. To become a paid subscriber requires, not only the act of subscribing, but the act of paying; and the defendant's form letter, in which the old subscriber is asked to "please remember that this order will be accepted without any remittance, and payment can be made later," strongly suggests that the so-called circulation of something over 70,000, yielding a revenue of only about $30,000 annually (the subscription price being $1 per year), is not in any proper sense such a paid subscription list as the plaintiff had a right to expect under its contract. "Paid subscribers" are not persons who are legally obligated to pay, but those who have in fact paid; and if the defendant wanted to sell advertising space upon the basis of its general circulation, or to subscribers legally obligated to pay, it was easy to provide for that, but it has no right to specifically provide for one kind of circulation and to substitute another as "just as good," for that is not what the plaintiff purchased. The plaintiff allowed all of the paid subscribers up to the time of its audit in each case, giving the defendant the benefit of any one who had become a paid subscriber during the time under which the parties were operating under the contract, and is entitled to recover in these actions.

The judgment appealed from should be reversed, and the findings of fact should be made to harmonize with this construction of the contract; the plaintiff having judgment for the amount of its claim.

---

### CREAM OF WHEAT CO. v. ARTHUR H. CRIST CO.

(Supreme Court, Appellate Division, Third Department. March 18, 1915.)

Appeal from Judgment on Report of Referee.

Action by the Cream of Wheat Company against the Arthur H. Crist Company. Judgment for defendant, and plaintiff appeals. Affirmed.

PER CURIAM. Judgment affirmed, with costs, on the opinion in Cream of Wheat Co. v. Arthur H. Crist Co., 152 N. Y. Supp. 407, decided herewith. All concur, KELLOGG, J., in result, except WOODWARD, J., who dissents.

---

### FORMAN v. YOUNG et al. (No. 6985.)

(Supreme Court, Appellate Division, First Department. March 26, 1915.)

TRUSTS ⬲191—UNEXECUTED TRUST—VESTED REMAINDER—TRUSTEE'S POWER OF SALE.

Testator, dying in 1880, devised the residue of his estate to his executors and survivors, in trust to pay one-half of the rents and income to his wife, to invest the remainder and pay the income to his four children in equal shares, except as to one, and, on the death of either of his three children, their issue to take by representation, and authorized his executors to sell any realty, or to divide it among his children, and expressed an intent to leave the right of partition to their discretion. The widow

⬲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes